SANTOS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 440.—Decided November 11, 1919.

RECORD OF TITLE—BUILDING ERECTED ON ANOTHER'S LAND—PREVIOUS RECORD OF BUILDING.—When the land belongs to one person and the building to another, record of a conveyance of the latter is governed by article 20 of the Mortgage Law which requires a previous record of the property in the name of the grantor in order that it may be recorded in the name of the grantee, for such previous and special record of the building is unnecessary only when it belongs to the owner of the land.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By deed No. 212 executed in Caguas on December 1, 1910, before notary Rafael Arce Rollet, Juan Jiménez Saurí, the owner of a lot described in said deed as segregated from a parcel of land situated in the ward of Turabo of Caguas, and the spouses Nicolás López Delgado and Juana Jiménez Rosa, also the owners of a frame house covered with zinc and built on the said lot at their expense and with the consent of Jiménez Saurí, sold the house and lot to Ramona Santos Torrens for the sum of $300, that is, $40 for the lot and $260 for the house.

The deed having been presented for record in the Registry of Property of Caguas, it was recorded as to the lot, but its record was denied as to the sale of the house on the ground that it was not recorded in the names of the vendors, the spouses Nicolás López Delgado and Juana Jiménez Rosa, a necessary requisite in the case according to article 20 of the Mortgage Law and the decision of this court in the case of *Martin et al.* v. *Registrar of Arecibo,* 22 P. R. R. 139.

The said decision, dated September 15, 1919, is under our consideration by virtue of an appeal taken therefrom by Ra-

mona Santos Torrens and we are of the opinion that it is sustained by the grounds on which it is based, for although article 20 of the Mortgage Law is not applicable when the building belongs to the owner of the land, it being then unnecessary to make a special record of the building, it is applicable when the land belongs to one person and the building to another, as is the case here.

The question involved in this appeal was fully considered in the case of *Martin et al.* v. *Registrar of Arecibo, supra.*

The decision must be

*Affirmed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.